66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Albert D. OSBORNE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7050.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Albert D. Osborne's appeal for lack of jurisdiction. Osborne has not responded.
 
 
 2
 Osborne sought service connection for hemorrhoids, an ankle disorder, hearing loss, an eye disorder, a psychiatric disorder, back disability, and an abdominal disorder. The regional office denied service connection. Osborne appealed to the Board of Veterans Appeals. The Board concluded that Osborne's claims for service connection were not well-grounded for the following: hemorrhoids, an ankle disorder, hearing loss, an eye disorder and a psychiatric disorder. The Board also held that the back disability and the abdominal disorder were not incurred in or aggravated by Osborne's periods of training or service and denied service connection.
 
 
 3
 In his informal brief, Osborne argues that he is entitled to service connection for certain disorders and that he had a well-grounded claim. Thus, Osborne challenges factual determinations and the law as applied to the facts. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992). Because we are dismissing for lack of jurisdiction based on the ground stated above, we need not consider the Secretary's other ground for dismissing Osborne's appeal, that the order is not a final, appealable decision.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) Each side shall bear its own costs.